IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-078-DES |
| ) | |
| TITAN FACTORY DIRECT HOMES, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Titan Factory Direct Homes, Inc.'s ("Defendant") Motion to Compel Arbitration. (Docket No. 11). In September 2022, Plaintiff, Randy Gordon ("Plaintiff") entered into an agreement with Defendant to purchase a manufactured home. (Docket No. 11 at 1). Plaintiff filed suit in January 2024 in Cherokee County, Oklahoma, alleging Defendant negligently installed the home and breached its warranty of manufacturing and warranty of installation. (Docket No. 2-1). Defendant removed the case based on Diversity Jurisdiction and filed its Motion to Compel Arbitration. (Docket No. 11). Plaintiff filed his Objection to the Motion to Compel Arbitration (Docket No. 13) and Defendant filed its Reply (Docket No. 15), as such, this matter is fully briefed. A hearing was held on April 11, 2024, in which oral arguments were made. Being fully advised, this Court finds that Defendant's Motion to Compel Arbitration is GRANTED.

When deciding whether the parties agreed to arbitrate a certain matter "[t]he interpretation of an arbitration agreement is governed by general state-law principles of contract interpretation." *High Sierra Energy, L.P. v. Hull*, 259 P.3d 902, 906 (Okla. Civ. App. 2011). Under Oklahoma law, there is a "strong presumption" for arbitration. *Id.* Generally, "a court must send a controversy to arbitration when a party brings forth a valid enforceable agreement to arbitrate the controversy."

1

*Okla. Oncology & Hematology P.C. v. US Oncology, Inc.,* 160 P.3d 936, 945 (Okla. 2007). "The question of arbitrability, whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance, is an issue for judicial determination unless clearly provided otherwise." *City of Mustang v. Fraternal Ord. of Police, Lodge 163*, 184 P.3d 1098, 1102 (Okla. Civ. App. 2008) see also; *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).

In this case, Defendant presented a "Home Sales Contract" which includes language noting that the contract is subject to arbitration. (Docket No. 11-1 at 2). Defendant also provided an "Arbitration Agreement" which sets forth the arbitration terms. (*Id.* at 4). Additionally, Defendant provided a "Manufactured Home 10-Year Structural Warranty" which includes language noting the limited structural warranty is subject to a binding arbitration provision. (*Id.* at 5). Lastly, Defendant provided a "Home Service Contract" which contains a disclosure that Plaintiff understands the service contract is subject to an arbitration provision set forth in the service contract. (*Id.* at 6-7). Although Plaintiff's signature appears on all of the documents Defendant submitted, Plaintiff nonetheless denies that he made an agreement to arbitrate the issues before the Court and argues the submitted documents fail to demonstrate an enforceable arbitration agreement. (Docket No. 13 at 1).

In support, Plaintiff argues that the documents he signed are mutually exclusive and require the Court to guess which contract the arbitration agreement attaches to. The Court does not agree. The Arbitration Agreement, which Plaintiff signed, specifically states "[t]he parties to the . . . **cash sales contract** . . . agree that . . . any and all claims . . . arising out of, or in any way relating to, the Contract, negotiation, sale, purchase, or occupancy of the home, which is the subject of the Contract, . . . will be resolved solely by binding arbitration. . . ." (Docket No. 11-2 at 4). The only cash sales contract Plaintiff entered into with Defendant was the Home Sales Contract for the

purchase of a manufactured home. Furthermore, the Home Service Contract contains an Arbitration Provision which is likewise clear to the Court. Although Plaintiff signed the Home Service Contract on page one and did not sign on page two where the arbitration provision is set out, it is abundantly clear that the two pages go together. Page two is titled "Disclosure of Information Concerning My Service Contract Purchase," which is plainly a reference to the "Home Service Contract." (*Id.* at 7). Additionally, both pages contain the notation "MFH002A-0617 - OKLAHOMA" in the lower left-hand corner and the pagination is identical. (*Id.* at 6-7). As such, there is clear and unmistakable evidence that Plaintiff agreed to arbitrate the issues before the Court.

Although the Court is sympathetic to the Plaintiff, the law is clear. Where there is a "'written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable.'" *Taylor v. AAON, Inc.,* 23-CV-0353-CVE-JFJ, 2023 WL 6847572, at *2 (N.D. Okla. Oct. 17, 2023), quoting 9 U.S.C. § 2.

IT IS THEREFORE ORDERED that Defendant Titan Factory Direct Homes, Inc.'s Motion to Compel Arbitration (Docket No. 11) is hereby **GRANTED** and this case is stayed pending the outcome of arbitration.

IT IS SO ORDERED this 15th day of April, 2024.

_____
D. Edward Snow
United States Magistrate Judge